UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| GARY SHOCK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Cause No. 1:24-CV-83-HAB |
| | ) |
| LAC LOGISTICS, LLC, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Plaintiff, a citizen of Indiana, sued Defendant, an Indiana limited liability company, in Lagrange County, Indiana, Superior Court in February of this year alleging retaliatory discharge under Indiana law. (ECF No. 4). Defendant removed to this Court claiming federal question jurisdiction. (ECF No. 1). Plaintiff has now moved to remand. (ECF No. 8). That motion is fully briefed (ECF Nos. 9, 11)[1] and ready for ruling.

**I.      Factual and Procedural History**

**A.      *Plaintiff's Complaint***

Plaintiff was employed by Defendant as a CDL driver. He claims that he was injured on the job in June 2023, for which he sought worker's compensation benefits. Defendant denied the worker's compensation claim, accusing Plaintiff of faking the injury.

In August 2023, Defendant directed Plaintiff to drive a route from Ohio to North Carolina. Plaintiff refused, telling Defendant he was over his federally mandate hours of service ("HOS") and that he needed rest. Defendant told Plaintiff to run the route under agricultural exempt status

---

[1] Plaintiff did not file a reply and the time to do so has expired.

which would exclude it from HOS regulations. Plaintiff did not believe that the route qualified for agricultural exempt status and again refused. Plaintiff was then terminated by Defendant.

Plaintiff's complaint has two counts. The first is under *Frampton v. Indiana Cent. Gas Co.*, 297 N.E.2d 425 (Ind. 1973), which provides a claim when an employee is fired for seeking benefits under the Indiana Worker's Compensation Act ("IWCA"). The second is under *McClanahan v. Remington Freight Lines*, 517 N.E.2d 390, 392 (Ind. 1988), which provides a claim when an employee is fired for refusing to engage in unlawful conduct. (ECF No. 4 at 5).

**B.**   ***Federal Proceedings***

Defendant removed the case to this Court in February 2024. In its Petition for Removal (ECF No. 1), Defendant stated:

> The above-described action is a civil action of which this Court has original jurisdiction under the provisions of the Motor Carrier Safety Act, 49 U.S.C. § 31101 *et seq*. and the Motor Carrier Act, 49 U.S.C. § 31501 *et seq*. (collectively, "the Motor Carrier Acts"), and is one which may be removed to this Court by LAC.

(*Id*. at 1). No other basis for removal was stated.

Two days after removal, Defendant filed its Corporate Disclosure Statement. (ECF No. 5). It identified Kyle Lennard as the sole member of Defendant, . (*Id*. at 1). No other citizenship information for Lennard was provided.

Magistrate Judge Collins sua sponte issued an order questioning the basis for federal jurisdiction. (ECF No. 6). The order noted that Plaintiff's suit was brought "under state law." (*Id*. at 1). With no federal claim stated in the complaint, Magistrate Judge Collins questioned "how Plaintiff's complaint provides federal jurisdiction under the Motor Carrier Safety Act, the Motor Carrier Act, or any other federal law." (*Id*. at 1-2). Defendant was ordered to file a supplemental jurisdictional statement explaining the basis for federal jurisdiction.

2

Before the supplemental jurisdictional statement was filed, Plaintiff moved to remand. (ECF No. 8). He argued that there was no federal jurisdiction under federal question (28 U.S.C. § 1331) or diversity (28 U.S.C. § 1332) jurisdiction.

Defendant filed its supplemental jurisdictional statement one week later. (ECF No. 10). Defendant now, for the first time, argued that diversity existed. It claimed, without evidence, that Lennard was a "citizen" of Michigan. Because an LLC is a citizen of the state(s) where its members live, and because Defendant believes that the amount in controversy exceeds $75,000, it argued that the parties were diverse. (*Id*. at 1-2). Defendant also argued for federal question jurisdiction. It noted that both the HOS regulations and the agricultural exempt status are creatures of federal law. Because the complaint references federal regulations, Defendant argued that "the Complaint raises theories on the face of the Complaint which distinctively demonstrate that Plaintiff's claims extend beyond state law and removal would be proper on the basis of a federal question." (*Id*. at 4).

Defendant then responded to the motion to remand, largely repeating the arguments from its supplemental jurisdictional statement. (ECF No. 11). The same day, Defendant filed an amended corporate disclosure statement. (ECF No. 12). In this amended statement, Defendant identified Lennard as a "resident of the State of Michigan." (*Id*. at 1). Later, Defendant stated, "Defendant LAC Logistics, LLC is a resident of the State of Michigan by virtue of the fact that its sole member is a resident and citizen of the State of Michigan." (*Id*. at 2).

## II.     Legal Analysis

As the party invoking federal jurisdiction, Defendant bears the burden of proving the propriety of removal, and any doubt regarding jurisdiction should be resolved in favor of remand. *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009).

3

A.     *Federal Question*

Defendant concedes that "Plaintiff has relied exclusively on state law" in bringing this suit. (ECF No. 11 at 2). But it still presses federal question jurisdiction, though without any caselaw support. Defendant's argument is that, because Plaintiff's refusal to accept the route was based on his belief that it would violate federal regulations, the claim arises under federal law.

"A civil action filed in a state court may be removed to federal court if the claim is one 'arising under' federal law." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003) (citing 28 U.S.C. § 1441). And a civil action arises under federal law when federal law is present in the original cause of action. *See Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 153 (1908). In other words, "absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim." *Anderson*, 539 U.S. at 6. This well-pleaded complaint rule embodies the "paramount policies . . . that the plaintiff is master of the complaint . . . and that the plaintiff may, by eschewing claims based on federal law, choose to have the case heard in state court." *Caterpillar, Inc. v. Williams*, 482 U.S. 386 (1987). Again, Defendant concedes that Plaintiff has only pleaded state-law claims, so the default rule does not establish federal question jurisdiction.

That said, "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013). Unfortunately, Defendant does not discuss, much less establish, these requirements. Instead, it simply repeats that, because federal regulations govern HOS and the agricultural exempt status, the claim must arise under federal law. (ECF No. 11 at 1-3). The Court cannot agree.

4

As the Seventh Circuit has made clear, "[t]hat some standards of care used in tort litigation come from federal law does not make the tort claim one 'arising under' federal law." *Bennett v. Southwest Airlines Co.*, 484 F.3d 907, 912 (7th Cir. 2007). That's what the Court sees here. Defendant's order to drive from Ohio to North Carolina might have violated federal law. But Plaintiff's claim is one for wrongful discharge under Indiana law. *McClanahan*, 517 N.E.2d at 393 ("McClanahan stated a cause of action when he alleged he was wrongfully discharged for refusing to commit an illegal act for which he would have been personally liable."). And Defendant's potential assertion that it complied with federal law is of no consequence. *Rice v. Panchal*, 65 F.3d 637, 639 (7th Cir. 1995) (defenses do not establish federal question jurisdiction). The well-pleaded allegations of Plaintiff's complaint establish only state-law claims. With no other basis for federal question jurisdiction argued or established, the Court finds that this case is properly decided under state law. Removal under § 1331 was improper.

**B.**     ***Diversity***

"[A] proponent of federal jurisdiction must, if material factual allegations are contested, prove those jurisdictional facts by a preponderance of the evidence." *Meridian Sec. Ins. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006). Plaintiff has challenged the existence of diversity (ECF No. 9 at 4), so Defendant must establish the requirements for diversity jurisdiction. The Court finds that it has done so, if only just.

Federal courts have jurisdiction over all civil actions between "citizens of different States" when the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332(a)(1). For a business entity that is not a corporation, like Defendant, its "citizenship is the citizenship of its owners, partners, or other principles." *Meyerson v. Harrah's E. Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002).

5

And residence is irrelevant, as "residence and citizenship are not synonyms and it is the latter that matters for purposes of the diversity jurisdiction." *Id*.

Defendant's filings on the issue of diversity are less than clear. Its notice of removal does not mention diversity. (ECF No. 1). Its initial corporate disclosure statement says nothing about the citizenship of Defendant or Lennard. (ECF No. 5). While its supplemental jurisdictional statement and its briefing on the motion for remand talk of Defendant's and Lennard's Michigan citizenship, no evidence is offered. And its amended corporate disclosure statement, where one would think that evidence would be provided, states only that Defendant is "a resident of the State of Michigan," while inconsistently identifying Lennard as either a resident or "resident and citizen" of Michigan. (ECF No. 12).

That said, the amended disclosure does identify Lennard as a "citizen" of Michigan. And, by operation of corporate law, that makes Defendant a citizen of Michigan, inconsistent labelling notwithstanding. The Court further notes that Plaintiff has not challenged the citizenship of Defendant or Lennard by way of a reply. Taken together, the Court finds that diversity of citizenship has been established. This Court has jurisdiction under § 1332.

**III.   Conclusion**

For these reasons, Plaintiff's motion to remand (ECF No. 8) is DENIED.

SO ORDERED on April 16, 2024.

s/ *Holly A. Brady*
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT
